```
ERIC BERG (State Bar No. 134621)
BROWNSTEIN HYATT FARBER SCHRECK, LLP
21 East Carrillo Street
Santa Barbara, CA 93101
Telephone: (805) 963-7000
Facsimile: (805) 965-4333
E-mail: EBerg@bhfs.com

Attorneys for Defendants
Greenspun Corporation, G.C. Investments, LLC, Third Point
Partners L.P., Third Point Partners Qualified L.P., Third Point
Offshore Fund, LTD., Third Point Ultra LTD., Third Point
LLC, Timothy Lash, and Robert Schwartz
```

FILED 2011 MAR 10 P 1:51 RICHARD W. WIEKING CLERK, U.S. DISTRICT COURT N.D. OF CA. S.J.

E-filing   ADR   Paid

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| MEHRDAD NIKOONAHAD,<br><br>Plaintiff,<br><br>vs.<br><br>GREENSPUN CORPORATION, G.C. INVESTMENTS, LLC, THIRD POINT PARTNERS L.P., THIRD POINT PARTNERS QUALIFIED L.P., THIRD POINT OFFSHORE FUND, LTD., THIRD POINT ULTRA LTD., THIRD POINT LLC, TIMOTHY LASH, ROBERT SCHWARTZ and Does 1-25, inclusive,<br><br>Defendant. | Case No.<br><br>CV11- 1171 PSG<br><br>NOTICE OF REMOVAL OF ACTION BY DEFENDANTS GREENSPUN CORPORATION, G.C. INVESTMENTS, LLC, THIRD POINT PARTNERS L.P., THIRD POINT PARTNERS QUALIFIED L.P., THIRD POINT OFFSHORE FUND, LTD., THIRD POINT ULTRA LTD., THIRD POINT LLC, AND TIMOTHY LASH |

TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HIS ATTORNEY OF RECORD:

PLEASE TAKE NOTICE THAT pursuant to 28 U.S.C. §§ 1441 and 1446, Defendants GREENSPUN CORPORATION, G.C. INVESTMENTS, LLC, THIRD POINT PARTNERS L.P., THIRD POINT PARTNERS QUALIFIED L.P., THIRD POINT OFFSHORE FUND, LTD., THIRD POINT ULTRA LTD., THIRD POINT LLC, and TIMOTHY LASH (the "Defendants"), by and through their attorney of record, hereby remove Case No. 110CV162457 filed in the Superior Court of the State of California, in and for the County of Santa Clara to the United States District

SB 574084 v3:013419.0001

Court for the Northern District of California. This is a civil action over which this Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1332, and the matter is thus properly removed to this Court.

This removal is based on the following grounds:

1. **On February 23 and 24, 2011, the deposition of Plaintiff Mehrdad Nikoonahad took place,** in this shareholder derivative action seeking restitution of approximately $14.9 million together with unspecified compensatory and punitive damages

2. **The deposition included questioning on documents that Plaintiff Nikoonahad produced for the *first time* on February 18, 2011,** most notably, a release and waiver executed by Plaintiff Nikoonahad in his capacity as CEO of Solar Notion, Inc. **which released Defendant Robert Schwartz by name from any and all claims, including without limitation claims for breach of fiduciary duty** in his service as a director of Solar Notion, Inc. (hereinafter, the "Release", attached hereto as Exhibit 1 to the Index of Exhibits ("Index"), filed concurrently herewith)

3. With the disclosure of this Release, and Plaintiff Nikoonahad's authentication of his signature thereon, it is now established that Defendant Schwartz is a sham defendant joined for the sole purpose of defeating diversity jurisdiction.

4. Although this shareholder derivative action was filed more than a year ago, **Plaintiff Nikoonahad waived his right to assert any procedural defect in the timing of the motion to remove, by virtue of his failure to disclose the Release.** *Jackson v. Wal-mart Stores, Inc.* 588 F.Supp.2d 1085 (N.D.Cal. 2008, Opinion. by J. Fogel))(one-year deadline for removal contained in 28 U.S.C. § 1446(b) is procedural, rather than jurisdictional, and therefore subject to the principles of waiver); *Tedford v. Warner-Lambert Co.*, 327 F.3d .423 (5th Cir. 2003)(one-year time limit of 28 U.S.C. §1446(b) is subject to equitable exception doctrine).

5. This shareholder derivative action was filed on January 27, 2010, in the Superior Court for the State of California in and for the County of Santa Clara entitled *Mehrdad Nikoonahad v. Greenspun Corporation, G.C. Investments, LLC, Third Point Partners L.P., Third Point Partners Qualified L.P., Third Point Offshore Fund, LTD., Third Point Ultra LTD., and Third Point LLC,*

*Timothy Lash, Robert Schwartz and Does 1 through 25*, as case number 110CV162457 (the "Complaint"). A copy of the Complaint filed by Plaintiff Nikoonahad is attached hereto as Exhibit 2 to the Index.

6. Defendants were formally served with Summons and a copy of the Complaint on February 23, 2010. A copy of the Notice of Acknowledgement of Receipt is attached hereto as Exhibit 3 to the Index.

7. Defendants previously filed Notice of Removal on March 25, 2010, arguing that the California citizenship of Defendant Robert Schwartz (a director) should not operate to defeat diversity, in view of the general principles of agency law. Plaintiff Nikoonahad filed a Motion to Remand, arguing that Schwartz was a proper defendant, and not a sham defendant. **During those remand proceedings, the Court was never apprised of the Release.** See, Exhibit 4 (Plaintiff Nikoonahad's Motion to Remand); and Exhibit 5 (Plaintiff Nikoonahad's Reply Papers), attached to the Index, filed concurrently herewith.

8. **Consistent with Plaintiff's failure to disclose the Release, the Court's order on the prior Motion to Remand was silent on the Release.** The Court granted that Motion to Remand on June 22, 2010, stating: "Because Nikoonahad conceivably could show that Schwartz breached his fiduciary duty as a Solar Notion director by putting his pecuniary interest above the interests of the Solar Notion and its shareholders, the joinder of Schwartz as defendant is not fraudulent." See, Exhibit 6 (Order of J. Fogel, U.S. District Judge), attached hereto to the Index.

9. In light of Plaintiff Nikoonahad's disclosure of the Release and his deposition testimony authenticating his signature thereon, the instant Notice of Removal is ripe for submittal. Complete diversity of citizenship exists in that: (a) Plaintiff is a citizen of the State of California as stated on the face of the Complaint, and was a citizen of California at the time the Complaint was filed; (b) while Defendant Schwartz is a California resident, the Release shows that he is a sham defendant joined to defeat diversity; (c) Defendant GREENSPUN CORPORATION is incorporated in and has its principal place of business in the State of Nevada, as of this date and at the time the Complaint was filed; (d) Defendant G.C. Investments, LLC is organized in and has its principal place of business in the State of Nevada, as of this date and at the time the Complaint was filed; (e)

1  Defendants THIRD POINT PARTNERS, L.P.; THIRD POINT PARTNERS QUALIFIED, L.P.;
2  THIRD POINT ULTRA, LTD.; and THIRD POINT, LLC, are incorporated in and/or organized in
3  the State of Delaware and have their principal places of business in New York, New York, as of this
4  date and at the time the Complaint was filed; (f) THIRD POINT OFFSHORE FUND, LTD. is an
5  exempt company incorporated under the laws of the Cayman Island; and (g Defendant TIMOTHY
6  LASH is a citizen of the State of Connecticut, and was a citizen of Connecticut at the time the
7  Complaint was filed.

     10.    As required by 28 U.S.C. § 1446 (a) a copy of all process, pleadings and orders served upon defendant are filed concurrently herewith.

For all of the foregoing reasons, this Court has original jurisdiction under 28 U.S.C. §1332, and this action may be removed to this Court by Defendants pursuant to the provisions of 28 U.S.C. §1441(b). As shown above, this is a civil action among citizens of different states and the amount in controversy exceeds $75,000.00 exclusive of interests and costs.

As required by 28 U.S.C. § 1446(d) notice of this removal will be given to Plaintiff through his attorney of record, Ardell Johnson and a copy of this Notice will be filed with the clerk of the Superior Court for the State of California in and for the County of Santa Clara.

Dated: March 9, 2011

BROWNSTEIN HYATT FARBER SCHRECK, LLP

By: _____
ERIC BERG
Attorneys for Defendant
Greenspun Corporation, G.C. Investments, LLC,
Third Point Partners L.P., Third Point Partners
Qualified L.P., Third Point Offshore Fund, Ltd.,
Third Point Ultra Ltd., Third Point LLC,
Timothy Lash and Robert Schwartz

## PROOF OF SERVICE BY OVERNIGHT DELIVERY

I am a citizen of the United States and employed in Santa Barbara County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is Brownstein Hyatt Farber Schreck, LLP, 21 East Carrillo Street, Santa Barbara, California 93101-2706. On March 9, 2011, I deposited with Federal Express, a true and correct copy of the within documents:

**NOTICE OF REMOVAL OF ACTION BY DEFENDANTS GREENSPUN CORPORATION, G.C. INVESTMENTS, LLC, THIRD POINT PARTNERS L.P., THIRD POINT PARTNERS QUALIFIED L.P., THIRD POINT OFFSHORE FUND, LTD., THIRD POINT ULTRA LTD., THIRD POINT LLC, AND TIMOTHY LASH**

**INDEX OF EXHIBITS IN SUPPORT OF REMOVAL, VOLUMES I - III**

in a shipping box, addressed as follows:

Ardell Johnson
Law Offices of Ardell Johnson
111 North Market Street, Suite 300
San Jose, CA 95113-1116

Telephone: (408) 454-6009
Facsimile: (408) 332-5875

*Attorneys for Plaintiff*
MEHRDAD NIKOONAHAD

Following ordinary business practices, the envelope was sealed and placed for collection by Federal Express on this date, and would, in the ordinary course of business, be retrieved by Federal Express for overnight delivery on this date.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on March 9, 2011, at Santa Barbara, California.

_____
Melissa A. Eldridge

SB 574149 v1:013419.0001