UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MEHRDAD NIKOONAHAD,<br><br>             Plaintiff,<br>   v.<br>GREENSPUN CORP., ET AL.,<br><br>             Defendants. | Case No.: 11-CV-01171-LHK<br><br>ORDER REMANDING CASE TO SANTA CLARA COUNTY SUPERIOR COURT |

On June 22, 2010, the Honorable Jeremy Fogel remanded this action to the Santa Clara County Superior Court. *See* Case No. 10-CV-01247-JF, Dkt. #27 ("June 22, 2010 Order"). In brief, Judge Fogel determined that Robert Schwartz was not fraudulently joined and was not a "sham" defendant for purposes of diversity jurisdiction. *Id*. at 7. Thus, Judge Fogel ruled that complete diversity between the parties did not exist because both Plaintiff and Mr. Schwartz are citizens of California. *Id*.

Nearly a year later, on March 10, 2011, Defendants again removed this action. *See* Notice of Removal [dkt. #1]. Defendants claim that they only recently learned that Plaintiff Merhdad Nikoonahad, in his capacity as CEO of a company called Solar Notion, Inc., signed a "release" of claims against Robert Schwartz. Based on that "release," Defendants argue (again) that Mr. Schwartz is just a "sham" defendant, and that the Court does have diversity jurisdiction over the action. Plaintiff has filed a motion to remand, contending that the complaint and the parties named

1

therein have not changed, but what has changed is that the Santa Clara Superior Court denied Defendants' motion for summary judgment, including with respect to Robert Schwartz, and assigned the case a May 23, 2011 trial date. *See* Pl.'s Mot. to Remand [dkt. #15].

The Court finds that remand is appropriate. Judge Fogel's June 22, 2010 Order already determined that Robert Schwartz is not a "sham" defendant. Defendants' claim of a newly discovered "release" lacks merit. In fact, Plaintiff expressly references the "release" in Paragraph 51 of his original Complaint filed on April 2009, a filing that *Defendants* attached to their opposition to Plaintiff's motion to remand in the 2010 case. *See* Exh. 1, in Support of Defendants' Opposition to Motion for Remand in Case No. 10-CV-01247 [dkt. #24-1] ("Defendants acted in bad faith toward Nikoonahad] to coerce [Nikoonahad] to perform liquidation duties without compensation . . . Although defendants had insisted on and obtained release agreements for their directors [including Schwartz], they gave no such release to [Nikoonahad] and threatened to sue [Nikoonahad]"). Moreover, the alleged newly discovered "release" is part of the exact contract that Plaintiff seeks to rescind. *See* Paragraph 1(c) of Amendment No. 1, attached as Exh. F to Pl.'s Compl. in Case No. 10-CV-01247-JF [dkt. 1-1] (requiring Solar Notion, Inc. to "execute and deliver a Release, the form of which is attached hereto as Exhibit A, to each of Robert Schwartz and Brian Greenspun"). Finally, Mr. Schwartz, in a declaration previously filed with the Court, expressly agreed that he is a party to Amendment No. 1 (part of the contract Plaintiff seeks to rescind) and will be bound by it. *See* Decl. of Robert Schwartz, attached as Exh. 2 to Decl. of Ardell Johnson in Support of Mot. to Remand in Case No. 11-CV-01171-LHK [dkt. #15-2].

In light of Judge Fogel's June 22, 2010 Order remanding the action, no change in the parties to the action in state court, and the substantial progress made in state court, including the denial of summary judgment and the scheduling of trial, the Court finds no reason to delay any further the proceedings in Santa Clara County Superior Court. *See Jackson v. Wal-Mart Stores, Inc.*, 588 F. Supp. 2d 1085, 1087-88 (N.D. Cal. 2008) (federal removal statute "reflects a balanced policy designed to discourage forum shopping and conserve judicial resources" and was intended

to discourage 'removal after substantial progress has been made in state court.'"). Accordingly, the case is REMANDED to the Santa Clara County Superior Court. The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: May 17, 2011

_____
LUCY H. KOH
United States District Judge

3

Case No.: 11-cv-1171-LHK
ORDER REMANDING CASE